```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


------------------------------X
                              :
JOSE A. JUSINO                :    Civil No. 3:22CV00092(SALM)
                              :
v.                            :
                              :
LALITHA PIERI                 :    October 17, 2022
                              :
------------------------------X
```

## INITIAL REVIEW ORDER -- AMENDED COMPLAINT

Self-represented plaintiff Jose A. Jusino ("Jusino" or "plaintiff"), a sentenced inmate at Cheshire Correctional Institution,[1] brings this action relating to events that occurred during his incarceration at MacDougall-Walker Correctional Institution, while in the custody of the Connecticut Department of Correction ("DOC").

On February 15, 2022, the Court issued an Initial Review

---

[1] The Court may take judicial notice of matters of public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006); United States v. Rivera, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information); Ligon v. Doherty, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of state prison website inmate location information). The Court takes judicial notice of the Connecticut DOC website, which reflects that Jusino was sentenced on April 8, 2013, to a term of imprisonment that has not expired, and that he is held at Cheshire C.I. See http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=320660 (last visited Oct. 6, 2022).

Order of the original Complaint, permitting plaintiff to proceed against Dr. Pieri "on the sole count of deliberate indifference to serious medical needs, in the official capacity for injunctive relief, and in the individual capacity for damages." Doc. #8.

On July 13, 2022, defendant filed a motion to dismiss the complaint. See Doc. #23. Defendant argued that "plaintiff fails to state a deliberate indifference claim because his allegations amount to a mere disagreement with the mental health treatment that was provided to him." Doc. #23-1 at 1. Plaintiff filed a response opposing defendant's motion to dismiss, see Doc. #25, and defendant filed a reply. See Doc. #26.

On August 17, 2022, plaintiff filed a motion to amend the Complaint, see Doc. #29, and attached a proposed Amended Complaint. See Doc. #29-1. Defendant objected to plaintiff's motion to amend the complaint, arguing that the "proposed amendment is futile[.]" Doc. #31 at 1. On September 8, 2022, the Court granted plaintiff's motion to amend, finding "that it [was] reasonable to permit plaintiff to file the Amended Complaint as a matter of course pursuant to Rule 15(a)(1)." Doc. #32 (quotation marks omitted). The Court did not rule on the futility issue raised by defendant. The Court docketed plaintiff's Amended Complaint. See Doc. #34.

Plaintiff was housed at MacDougall-Walker Correctional Institution when he commenced this lawsuit. See Doc. #1-1. On September 15, 2022, plaintiff filed a Notice of Change of Address, "notify[ing] the court of his new address" at Cheshire Correctional Institute. See Doc. #35.

The Court now proceeds to review of the Amended Complaint. See Doc. #34.

I. **STANDARD OF REVIEW**

Under section 1915A of Title 28 of the United States Code, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). This duty includes review of amended complaints. The Court then must "dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). Dismissal under this provision may be with or without prejudice. See Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004).

A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

It is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)). However, even self-represented parties must satisfy the basic rules of pleading, including the requirements of Rule 8. See, e.g., Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

## II. DISCUSSION

The Amended Complaint alleges substantially the same facts as those set forth in the original Complaint. The Amended Complaint asserts a claim of "Deliberate Indifference to [plaintiff's] Mental Health Needs" against Dr. Lalitha Pieri. Doc. #34 at 1. Plaintiff states that Dr. Pieri is the "supervising psychologist doctor at the MacDougall" Correctional Institution. Id. at 2. Plaintiff's claims relate to the medical care that he received while incarcerated at MacDougall. See id.

at 2-3.

### A. Deliberate Indifference to Serious Medical Needs

The United States Supreme Court has held that

> deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983.

Estelle v. Gamble, 429 U.S. 97, 104-05 (citations, quotation marks, and footnotes omitted). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citations and quotation marks omitted).

> A deliberate indifference claim has two elements. The first, which is objective, requires the inmate to show that he was actually deprived of adequate medical care by an official's failure to take reasonable measures in response to a sufficiently serious medical condition. The second element, which is subjective, requires the inmate to demonstrate that the official acted with a culpable state of mind of subjective recklessness, such that the official knew of and consciously disregarded an excessive risk to inmate health or safety. Mere allegations of negligent malpractice do not state a claim of deliberate indifference.

Thomas v. Wolf, 832 F. App'x 90, 92 (2d Cir. 2020) (citations

and quotation marks omitted). In sum, an inmate bringing a deliberate indifference claim must show an objectively serious deprivation of medical care, and a "sufficiently culpable state of mind." Morgan v. Dzurenda, 956 F.3d 84, 89 (2d Cir. 2020) (citation and quotation marks omitted).

Under the objective prong, the inmate's medical need or condition must be "a serious one." Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003). "A condition of urgency, one that may produce death, degeneration, or extreme pain must exist." Nails v. Laplante, 596 F. Supp. 2d 475, 480 (D. Conn. 2009) (citation and quotation marks omitted). The Second Circuit has identified a number of factors relevant to the question of seriousness, including "whether a reasonable doctor or patient would find it important and worthy of comment, whether the condition significantly affects an individual's daily activities, and whether it causes chronic and substantial pain." Young v. Choinski, 15 F. Supp. 3d 172, 182 (D. Conn. 2014) (citations and quotation marks omitted). A court may also consider whether the denial of medical care results in further injury or significant pain. See id.

Under the subjective prong, a defendant "must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or

inactions." Nails, 596 F. Supp. 2d at 480. "Mere negligence will not support a section 1983 claim; the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law. Thus, not every lapse in prison medical care will rise to the level of a constitutional violation; rather, the conduct complained of must shock the conscience or constitute a barbarous act." Pimentel v. Deboo, 411 F. Supp. 2d 118, 128 (D. Conn. 2006) (citations and quotation marks omitted).

In his Amended Complaint, Jusino states that he has been "diagnosed with multiple psychological disorders/conditions" and that his "primary diagnos[is] is Borderline Personality disorder[.]" Doc. #34 at 3-4. Plaintiff states that he "has an extensive history for serious and sometimes catastrophic deteroration in his mental health which has cause self-harming/suicidal behavior as well as associtive/murder gestures/behavior." Id. at 4 (sic).

Accepting the well-pleaded allegations of the Amended Complaint as true, as it is required to do, the Court finds that Jusino adequately alleges that his mental health condition is "a serious one." Brock, 315 F.3d at 162. Therefore, the Court finds at this initial review stage that the Amended Complaint satisfies the objective prong.

Plaintiff alleges that that Dr. Pieri was "extensively brief before Feb. 8 2021, [plaintiff's date of transfer to MacDougall] threw supervising psychologist Dr. Santasiero" of "plaintiff history and needs was provided with plaintiff psychiatric reports from the community and reports from C.D.O.C." Doc. #34 at 5 (sic). Accepting the well-pleaded allegations of the Amended Complaint as true, as it is required to do, the Court finds that plaintiff has adequately alleged that defendant was "actually aware of a substantial risk that the inmate would suffer serious harm as a result of his or her actions or inactions." Nails, 596 F. Supp. 2d at 480. The Court finds at this initial review stage that the Amended Complaint satisfies the subjective prong.

  1.  **Individual Capacity Claim**

The Court will permit the claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment to proceed against defendant, in her individual capacity, for damages. The Court finds that there were no substantive changes between the allegations raised in the Original Complaint, see Doc. #1, and the allegations raised in the Amended Complaint. See Doc. #34. The Court allows plaintiff's claim to proceed on the same theories identified in the Initial Review Order. See Doc. #8. Plaintiff's claim may proceed on the theory that Dr.

Pieri failed to "obtain information regarding plaintiff's history of significant mental illness; refused to perform an assessment or evaluation of plaintiff; and deliberately denied plaintiff appropriate care out of malice because plaintiff complained about the lack of treatment." Doc. #8. Plaintiff's allegations are sufficient, at this stage to permit the matter to proceed against defendant in her individual capacity for damages.

### 2. Official Capacity Claim

Plaintiff's Amended Complaint asserts claims against Dr. Pieri in both her individual and official capacities. See Doc. #34 at 2. The allegations relate to events that occurred while plaintiff was housed at MacDougall-Walker Correctional Institution. See id. at 5.

Plaintiff notified the Court on September 15, 2022, that he was transferred from MacDougall-Walker Correctional Institution to Cheshire Correctional Institution. See Doc. #35 at 2. Plaintiff has not alleged that Dr. Pieri is responsible for, or indeed, has any involvement with, his mental health treatment at Cheshire C.I. "An inmate may not seek injunctive relief against prison officials after transfer." Booker v. Graham, 974 F.3d 101, 10708 (2d Cir. 2020); see also Shepherd v. Goord, 662 F.3d 603, 610 (2d Cir. 2011) ("In this circuit, an inmate's transfer

from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." (citation and quotation marks omitted)).

Accordingly, plaintiff's claims against Dr. Pieri in her official capacity are hereby **DISMISSED, without prejudice** to renewal if plaintiff is transferred back to MacDougall during the pendency of this action.

### III. CONCLUSION

For the foregoing reasons, the case may proceed on the sole count of deliberate indifference to serious medical needs against Dr. Pieri, in her individual capacity, for damages. All claims against Dr. Pieri in her official capacity are **DISMISSED, without prejudice**.

The Court treats the Amended Complaint as served on October 17, 2022, the date this Order is issued. The defendant shall file any responsive pleading on or before **November 7, 2022.**

A revised case management and scheduling order will be entered.

**This Initial Review Order does not preclude the filing of a Motion to Dismiss pursuant to Rule 12.** Defendant is encouraged to carefully evaluate the claim that has been permitted to proceed to service, and respond by Answer or Motion, as appropriate.

If plaintiff changes his address at any time during the litigation of this case, he **MUST** notify the Court. Failure to do so may result in the dismissal of the case. **Plaintiff must give notice of a new mailing address even if he remains incarcerated.** Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify the defendant or attorney for defendant of his new address.

**Plaintiff shall utilize the Prisoner E-filing Program when filing documents with the Court.** Plaintiff is advised that the Program may be used only to file documents with the Court. The Local Rules provide that discovery materials are not filed with the court; therefore, discovery requests and responses must be served on defendant's counsel by regular mail.

It is so ordered, this 17th day of October, 2022, at Bridgeport, Connecticut.

                                              __/s/_____
                                              HON. SARAH A. L. MERRIAM
                                              UNITED STATES CIRCUIT JUDGE
                                              Sitting by Designation