UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------X
                              :
JOSE A. JUSINO                :    Civil No. 3:22CV00092(SALM)
                              :
v.                            :
                              :
LALITHA PIERI                 :    OCTOBER 18, 2022
                              :
------------------------------X
```

## REVISED SCHEDULING AND CASE MANAGEMENT ORDER

This matter is brought by plaintiff as a self-represented sentenced inmate in the custody of the Connecticut Department of Correction ("DOC"), asserting claims against an employee of the State of Connecticut relating to events occurring during plaintiff's incarceration. An Initial Review Order of the Amended Complaint has been entered, permitting the Amended Complaint to proceed. See Doc. #40. Counsel filed an appearance for defendant "Lalitha Pieri, in both her individual and official capacities[,]" on April 28, 2022.[1] Doc. #15 at 1.

Based, in part, on the motion to modify the scheduling order filed by defendant (Doc. #39), the Court hereby enters the following revised scheduling order and case management plan. The deadlines set by this Order, and by the Local and Federal Rules of Civil Procedure, **may not be modified by agreement of**

---

[1] In the Initial Review Order of Amended Complaint, the Court dismissed without prejudice "plaintiff's claims against Dr. Pieri in her official capacity[.]" Doc. #40 at 10.

1

**the parties**. Any modification to the otherwise applicable deadlines must be requested by motion, and must be approved by the Court.

In order to assist in the efficient prosecution of this matter, the Court hereby enters the following Orders:

1. **INITIAL DISCLOSURES**

The deadline for the parties to exchange initial disclosures has already passed. On June 20, 2022, plaintiff filed a "Notice to Court" stating that plaintiff's "initial disclosures have been mailed to defendant counsel[.]" Doc. #18 at 1. On June 30, 2022, defendant filed a "Certification of Counsel" which certifies that "defendant's initial disclosures ... were mailed to the plaintiff on June 9, 2022." Doc. #21 at 1.

2. **EARLY DISPOSITIVE MOTIONS/STAY OF DISCOVERY**

Defendant shall promptly determine whether there is a basis to dismiss this action, in whole or in part, for any reason, including but not limited to the following: (a) failure to exhaust administrative remedies; (b) lack of jurisdiction; or (c) previous release of some or all claims at issue. If defendant believes that dismissal of the Complaint, in whole or in part, is warranted, an appropriate motion shall be filed on or before **November 7, 2022.**

If defendant believes that there is a sound basis to assert

2

that the matter should be dismissed for failure to exhaust administrative remedies, but that such a question must be determined by a motion for summary judgment rather than a motion to dismiss, defendant may file a preliminary motion for summary judgment on or before **November 7, 2022, on that issue**. The filing of a preliminary motion for summary judgment on the issue of exhaustion will not preclude the filing of a full motion for summary judgment at a later date.

The filing of a well-pleaded early dispositive motion under this provision by the deadline of **November 7, 2022,** will automatically stay any and all discovery other than the disclosures required by this Order.

If no early dispositive motion is filed, discovery will proceed in accordance with the Federal Rules of Civil Procedure. **Discovery will <u>not</u> be automatically stayed during the pendency of any motion to dismiss or other dispositive motion filed <u>after</u> the deadline set by this Order.**

If no early dispositive motion is filed, defendant must file a response to the Amended Complaint on or before **November 7, 2022.**

3.   DISCOVERY AND DISPOSITIVE MOTIONS

If discovery is stayed due to the filing of an early dispositive motion, a revised scheduling order may be issued after resolution of that motion.

All discovery will be **completed** (not propounded) by **May 25, 2023.** In order to ensure that this deadline is met, all written discovery requests must be **propounded** on or before **January 23, 2023.**

**Discovery Relating to Expert Witnesses**: If either party intends to call an expert witness, a notice of that intent shall be filed on or before **January 23, 2023.**

**Motions to Compel**: Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed **within 30 days after the response was due under the Rules of Civil Procedure**. Ordinarily, that will mean any motion to compel must be filed **within 60 days of the service of the request.** If the Court has previously expressly granted an extension of the deadline for serving the response at issue, any motion to compel must be filed **within 30 days of the extended response deadline**.

If the parties are negotiating in good faith in an attempt to resolve the discovery dispute, a motion to extend this deadline may be filed. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel. Any motions relating to discovery must comply fully with the Local Rules, as well as the Federal Rules of Civil Procedure. **Counsel and the self-represented plaintiff are directed to review Local Rule 37**

4

**before filing any discovery motion.** A copy of that Rule is attached. Failure to comply with the Local and Federal Rules, and with this Order, may result in summary denial of any such motions.

**Dispositive Motions**: Any motion for summary judgment or for judgment on the pleadings must be filed no later than **June 28, 2023.** If neither party files a dispositive motion by this date, a pre-trial conference will be scheduled to determine whether counsel will be appointed for trial, and to set deadlines for the filing of a joint trial memorandum and motions in limine.

**4. STATUS REPORTS**

Counsel for defendant and the self-represented plaintiff shall file separate status reports on or before **December 16, 2022.** Each report must address the matters that are relevant to the case at the time and provide each of the following items:

**(1)** a detailed description of the discovery conducted up to the date of the report, and any significant discovery yet to be completed;

**(2)** the remaining deadlines set in the case, and whether the party filing the status report expects to seek any extensions of those deadlines;

**(3)** whether the party filing the status report expects to file any dispositive motions;

**(4)** whether the party filing the status report consents to

5

the jurisdiction of a Magistrate Judge for all purposes, including trial; and

**(5)** whether the party filing the status report seeks referral for a settlement conference. Counsel for defendant must confirm that she or he has <u>expressly</u> discussed this question with defendant and a DOC representative within the 30-day period preceding the filing of <u>each</u> status report.

Separate status reports addressing each of these matters shall be filed **every two months** thereafter until the matter is resolved, that is, on **February 17, 2023; April 17, 2023; June 16, 2023;** and corresponding dates in the future if this case has not been resolved. If a motion for summary judgment or a joint trial memorandum has been filed, no further status reports need be filed.

**5.  EXTENSIONS OF TIME**

All dates set forth in this Order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that, despite due diligence, the party seeking the extension could not comply with this Order. Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor. A motion to extend the discovery deadline will not be granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good

faith effort to comply with the deadline established by this order. **Any motion for extension of a deadline must comply with Local Rule 7,** a copy of which is attached to this order.

**Counsel for defendant shall provide defendant with a copy of this Order within ten (10) days.**

It is so ordered this 18th day of October, 2022, at Bridgeport, Connecticut.

                                        /s/
                                  HON. SARAH A. L. MERRIAM
                                  UNITED STATES CIRCUIT JUDGE
                                  Sitting by Designation